IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ENRIQUE B. PALMA, III,

      Plaintiff,                                  No. 2:08-cv-2506 FCD JFM PS

      vs.

FREMONT INVESTMENT
AND LOAN, et al.,

      Defendants.                            FINDINGS AND RECOMMENDATIONS

_____/

        Defendants' motion to dismiss came on regularly for hearing February 12, 2009. No appearance was made on behalf of plaintiff. Erik Kemp appeared telephonically for defendants. Upon review of the motion and the documents in support and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Defendants' motion to dismiss, filed November 20, 2009, was noticed for hearing on January 22, 2009. Plaintiff Enrique B. Palma, III, proceeding pro se, failed to timely file an opposition and hearing on the pending motion was continued to February 12, 2009. Plaintiff was granted an extension of time to January 29, 2009 to file opposition. Plaintiff was cautioned that failure to file opposition and appear at the hearing would be deemed as a statement of non-opposition to the granting of the motion. Plaintiff has filed no opposition and failed to appear at the hearing, although court records reflect plaintiff was properly served with notice of the continued hearing date at plaintiff's address of record.

        Although it appears from the file that plaintiff's copy of the January 16, 2009 order was returned as undeliverable, plaintiff was properly served. It is the plaintiff's

1

responsibility to keep the court apprised of his current address at all times. Pursuant to Local Rule 83-182(f), service of documents at the record address of the party is fully effective.

Local Rule 78-230(c) provides that opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." In addition, Local Rule 78-230(j) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions. Finally, Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

By order filed October 21, 2008, plaintiff was advised of the above requirements for filing opposition under the Local Rules. In addition, by order filed January 16, 2009, plaintiff was again advised of the requirements under the Local Rules, afforded additional time to file opposition, cautioned that failure to file opposition would be deemed a statement of nonopposition and would result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). Further, plaintiff was ordered to show cause why sanctions should not be imposed for failure to timely file an opposition. Plaintiff has not responded to the order to show cause, again failed to file opposition, and failed to appear at the hearing. Pursuant to Local Rule 78-230(j), therefore, the court deems the failure to appear at the hearing a withdrawal of opposition to the pending motion.

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986) .

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ghazali, 46 F.3d at 53. Plaintiff's failure to comply with

the Local Rules has impeded the expeditious resolution of the instant litigation and has burdened the court's docket, consuming scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.  Although public policy favors disposition of cases on their merits, plaintiff's failure to oppose the pending motion has precluded the court from doing so.  In addition, defendants are prejudiced by the inability to reply to opposition and by bearing the costs of counsel attending hearings where plaintiff fails to appear.  Finally, the court has repeatedly advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail.  The court finds no suitable alternative to dismissal of this action.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 12, 2009.

UNITED STATES MAGISTRATE JUDGE

/001; palma.mtdf